IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK STEPHENS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:18-CV-653 |
| ACCENTURE, LLP & FACEBOOK, INC. | § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

PLAINTIFF MARK STEPHENS, by and through his counsel, files this Complaint against Defendants ACCENTURE, LLP and FACEBOOK, INC. for willful violations of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Texas Labor Code §21.051 *et seq.* ("TCHRA"). In support of his causes of action, Plaintiff states the following:

**I.
PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff MARK STEPHENS is an individual residing in Ruskin, Florida.

2. Defendant ACCENTURE, LLP ("Accenture") is a corporate entity formed and existing under the laws of the State of Illinois.

3. Defendant FACEBOOK, INC. ("Facebook") is a corporate entity formed and existing under the laws of the State of Delaware.

4. Defendant Accenture, at all relevant times, operated at over 40 locations in the United States, including Accenture's Congress Street location in Austin, Texas. Defendant

Facebook, at all relevant times, operated at over 20 locations in the United States, including Facebook's West 6th Street location in Austin, Texas.

5. The events at issue in this Complaint occurred at Defendant Accenture's and Defendant Facebook's locations in Austin, Texas.

6. This Court has jurisdiction to hear the merits of Mr. Stephens' claims under 28 USC § 1332(a).

7. Mr. Stephens exhausted his administrative remedies under the ADEA and the TCHRA by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission and Texas Workforce Commission. Although Mr. Stephens' charge was filed more than 300 days after the refusal to rehire, his charge was filed in a timely fashion consistent with *Christopher v. Mobile Oil Corp.* 950 F.2d 1209, 1216-17 (5th Cir. 1992). More than 60 days has elapsed from the date Mr. Stephens filed his charge.

8. Venue is proper in this district and division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## II.
## FACTUAL BACKGROUND

9. Mr. Stephens was 54 years old at the time of employment.

10. In January 2016, Mr. Stephens was recruited by Defendant Accenture to work as a Sales Development Manager on a project for Defendant Facebook, subject to Facebook's approval.

11. Mr. Stephens interviewed with Facebook employees Elizabeth Bleil (age: mid-20s) and Greg Bodle (age: 30s/ 40s).

12. Before the interview, Oscar Buffington (age: 50), Accenture's Vendor Performance Director, and Michael Cariaga (age: 40s), Accenture's Client Account Leadership Senior Manager, told Mr. Stephens to "act young" and "act energetic," because Facebook had very specific

2

problems with the previous Sales Development Manager (age: 40s/50s) because Facebook thought he was too old.

13.     In or around February 2016, Mr. Stephens began working for Defendants as a Level 7 Sales Development Manager for Facebook's "Marketing Expert Program" project ("the Program").

14.     In his position, Mr. Stephens reported to his superiors at Facebook and Accenture. Facebook, specifically Bodle and Bleil, controlled Mr. Stephens' work items, decided where he worked, how to run the Program, and signed off on Mr. Stephens' methodologies and changes. Accenture paid Mr. Stephens.

15.     Mr. Stephens was a productive employee.  He received no disciplinary action and was informed that Facebook was "very happy" with his performance in quarter two of 2016.  Upon information and belief, the Program was successful and hitting or exceeding all targets.

16.     At the end of June 2016, Facebook announced it was ending the Program in Austin and moving it to Phoenix, Arizona.  Facebook made it clear that the Program ended not for poor performance, but because it decided to use a different vendor.

17.     Mr. Stephens' job ended at the end of June 2016 and the Program ended in July 2016.

18.     In July 2016, upon information and belief, Accenture found other roles at Accenture for at least 27 of the 30 employees working on the Program.  Accenture stated that it could not find another Sales Leader position for Mr. Stephens and placed him on "the bench."  In November 2016, Accenture terminated Mr. Stephens' employment.

19.   In February 2017, Buffington called Mr. Stephens and told him that the Austin Facebook Marketing Expert Program was restarting and that he would be a perfect fit to again be the Director of said program.

20.   The next day, Buffington's Superior, Ken Richman (age: 40s), Manager of Business Consulting at Accenture, met with Mr. Stephens and said that he would be a great fit and verified that there were no issues between Mr. Stephens and Facebook.  Later that day Mr. Stephens had a conference call with Cormac Power (age: 40s), Inside Sales Capability Lead for Accenture, who runs the Ireland office.  Power said Mr. Stephens would be a good fit because Facebook is looking for the same productivity as before and the Program would be functioning largely the same as it was previously.

21.   In February 2017, Accenture informed Mr. Stephens he would not be rehired. Buffington told Mr. Stephens that Facebook wanted "new faces," "new blood," and to go in a "different direction," and assured him that his performance was not, and had never been, an issue. Richman confirmed this.

22.   In November 2017, Mr. Stephens discovered, for the first time, that Defendants hired David Prestidge (age: 30s) to lead the Program as the Sales Development Manager. Prestidge was a Team Lead who reported to Mr. Stephens when he led the Program in 2016.  Upon information and belief, the Program is essentially the same as the Program Mr. Stephens was leading in 2016 and has many of the same people working on it.  Further, Prestidge had no experience managing employees prior to working under Mr. Stephens and is substantially less qualified.

## III.
## CAUSE OF ACTION

### Count 1: Age Discrimination

23.     Mr. Stephens incorporates all statements of fact into his first cause of action as if repeated verbatim.

24.     The Age Discrimination in Employment Act ("ADEA") and the TCHRA prohibit discrimination targeted at an employee over 40 years of age on the basis of his age.

25.     Defendants are employers within the meaning of the TCHRA and the ADEA.

26.     Mr. Stephens was an employee within the meaning of the TCHRA and the ADEA at all times relevant to his Complaint.

27.     Mr. Stephens, an employee over 40 years of age, belongs to a class protected under the ADEA and the TCHRA.

28.     Defendants discriminated against Mr. Stephens' terms, conditions, and privileges of his employment based on his age, in violation of the ADEA and the TCHRA, by failing to rehire Mr. Stephens into his previous position, despite the endorsements of colleagues, and replacing him with a much younger, less-qualified, previously subordinate employee.

29.     Mr. Stephens' age was the reason for Defendants' refusal to rehire Mr. Stephens.

30.     Defendants discriminated against Mr. Stephens based on his age intentionally and with reckless disregard to Mr. Stephens' rights under the ADEA and the TCHRA.

31.     The unlawful practices committed by Defendant directly caused Mr. Stephens' damages, as set forth below.

## IV.
## JOINT EMPLOYERS

32. As displayed above, Defendant Accenture and Defendant Facebook were joint employers of Mr. Stephens. Both Defendants wielded significant control over Mr. Stephens' employment. Mr. Stephens was hired and later not rehired at the will of both defendants. Facebook controlled Mr. Stephens' work on the Program through both direct supervision and indirect control through their expectations and assignments regarding the Program. Facebook also possessed the ability to modify Mr. Stephens' employment by changing the scope or goals of the Program. Mr. Stephens worked solely on the Facebook Program and, because Accenture recruited him to specifically work on the Facebook Program, he could not work for any of Accenture's other clients. Accenture paid Mr. Stephens.

## V.
## DAMAGES

33. As a result of Defendants' unlawful conduct, Mr. Stephens has suffered economic damages, including past and future lost income, interest on back and front pay, job search expenses, loss of housing, and other consequential and incidental financial damages.

34. Defendants acted in reckless disregard to Mr. Stephens' right to be free from age discrimination and intentionally engaged in an unlawful employment practice by discriminating against Mr. Stephens.

35. Defendants' oppressive and/or malicious conduct calls for the imposition of damages in an amount sufficient to deter Defendants from engaging in such acts of discrimination in the future in the form of :

   (a) liquidated damages under ADEA ((29 U.S.C.A. § 626) (b)) equal to the back

pay awarded; or, in the alternative,

(b) Damages for emotional distress and mental anguish pursuant to Texas Labor Code § 21.2585.

## VI.
## ATTORNEYS' FEES

36. A prevailing party may recover reasonable attorneys' and experts' fees under the TCHRA and ADEA.

37. Mr. Stephens seeks all reasonable and necessary attorneys' fees and expert witness fees in this case from Defendants.

38. Mr. Stephens additionally seeks recovery of all costs associated with the prosecution of this action.

## VII.
## JURY DEMAND

39. Mr. Stephens demands a trial by jury of all the issues and facts in this case.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Mr. Stephens requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award Mr. Stephens economic and liquidated or non-economic damages, as specified above;

3. The Court award Mr. Stephens the equitable remedy of reinstatement or, in the alternative, front pay;

4. The Court award Mr. Stephens his reasonable attorneys' and expert fees and costs;

5. The Court award Mr. Stephens pre- and post-judgment interest at the highest rates allowed; and

6. The Court award Mr. Stephens any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
T: (512) 474-7677
F: (512) 474-5306

**Daniel B. Ross**
State Bar No. 00789810
dan@rosslawgroup.com
**Brett C. Beeler**
State Bar No. 24097357
brett@rosslawgroup.com
**ATTORNEYS FOR PLAINTIFF**